## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE STATIONERY STUDIO, LLC, and <br> JONROB HOLDINGS, LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> STATIONERY STUDIO, LLC, <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs The Stationery Studio, LLC ("The Stationery Studio") and JonRob Holdings, LLC ("JRH") (collectively, "Plaintiffs") by its counsel, bring this action against Defendant Stationery Studio, LLC ("Defendant" or "NOLA") for trademark infringement.

## THE PARTIES

1. The Stationery Studio, LLC is an Illinois company with its principal place of business at 975 Weiland Rd # 250, Buffalo Grove, IL 60089.

2. JonRob Holdings LLC is an Illinois company with its principal place of business at 460 Newtown Dr., Buffalo Grove, IL 60089.

3. On information and belief, Stationery Studio, LLC is a Louisiana company with its principal place of business at 2910 Toulouse St., New Orleans, Louisiana 70119.

## INTRODUCTION

4. This action arises from Defendant's intentional and knowing misappropriation of Plaintiffs' goodwill and established trademark, STATIONERY STUDIO, in order to siphon customers to its business.

5. Plaintiffs' attempts to coexist with Defendant have now proven untenable. Plaintiffs now must bring this lawsuit to protect their valuable brand name and goodwill.

**Plaintiffs' Business and Trademark**

6. Renee Redman started The Stationery Studio in 1994 in her home. Originally, The Stationery Studio sold invitations, stationery, and other printed materials from catalogs.

7. In August of 1998, Ms. Redman recognized the power and value of the internet and started [www.thestationerystudio.com](www.thestationerystudio.com). The Stationery Studio was one of the first customized product providers on the internet. In 1999, The Stationery Studio made its first sale via its website. TheStationeryStudio.com soon became one of the first online personalized stationery businesses in the country. Each year, the website continued to grow to accommodate its busy daily traffic flow and to showcase thousands of customized stationery and gift items. The website has evolved into a premier personalized stationery and gift business, currently offering more than 22,000 personalized products with more than 10,000 unique visitors per day. With a highly-trained in-house team of savvy professionals, customer service has grown to become the cornerstone of the company.

8. TheStationeryStudio.com has won numerous distinguished honors, including the "2012 Trendy Online Stationer of the Year Award" from *Stationery Trends Magazine*, the industry's highest honor, plus numerous awards from its manufacturers as their top reseller year in and year out.

9. The company's social media sites have soared in popularity, reaching more than 20,000 followers on Facebook. The Studio Notes blog, Pinterest boards and Twitter pages are also followed by an ever-growing customer base and industry insiders.

10. With its mass popularity and success, TheStationeryStudio.com has garnered a great deal of national media recognition, including frequent product mentions on NBC's *the*

*Today Show*, ABC's *Good Morning America* and *The View*, and the *Rachael Ray Show*. TheStationeryStudio.com also had products featured in National publications like *Martha Stewart Weddings*, *HGTV Magazine*, *O The Oprah Magazine*, *In Style Magazine*, *Real Simple* M, *The Washington Post*, *Us Weekly*, *Woman's Day Magazine*, *Good Housekeeping Magazine*, *People*, *Bride Magazine* and other highly-acclaimed press outlets.

11. The Stationery Studio consistently invests considerable resources in its online presence, including web advertising and search engine optimization in order to publicize its brand and maintain its goodwill.

12. Due to The Stationery Studio's time and financial investments in its website and its brand, and the multitude of press coverage, consumers have a strong affiliation between "Stationery Studio" and Plaintiff's website "TheStationeryStudio.com".

**Defendant's Trademarks**

13. As The Stationery Studio's business grew, it took certain precautions to safeguard its goodwill and brand name.

14. As one example, it transferred all ownership rights in its trademarks and goodwill to JonRob Holdings, who then granted an exclusive license in the trademarks back to The Stationery Studio.

15. In addition, on September 19, 2008, JonRob Holdings filed for two U.S. Trademark Registrations, one for "Stationery Studio" and one for "The Stationery Studio," both for "On-line retail store services featuring personalized products, namely, stationery, calling cards, business cards, address labels, mailing labels, wedding announcements, wedding invitations, bridal shower invitations, birth announcements, birthday invitations, graduation announcements, moving cards, envelopes, fax cover sheets, recipe cards, luggage tags, notepads,

napkins, gift bags, postcards, holiday cards, wood products, lamps, waste baskets, photo frames, crystal goods, plastic goods, jewelry, clothing, soap, stampers, embossers, furniture, and ceramic goods."

16.     The USPTO published both marks for opposition on September 22, 2009 and registered both marks on December 8, 2009.

17.     The USPTO assigned Serial No. 77/574,290 to "Stationery Studio" and later registered the Mark as                .

18.     Likewise, the USPTO assigned Serial No. 77/574,214 to "The Stationery Studio" and later registered the mark as Registration No. 3,720,789.

19.     The Stationery Studio holds an exclusive license for both trademarks, and uses both trademarks in conjunction with its online business described above.

20.     On December 16, 2014, JRH filed a Declaration and Use and Incontestibility under Sections 8 and 15 of the Trademark Act (15 U.S.C. §§ 1058 and 1065) for "Stationery Studio". On January 7, 2015, the USPTO issued a Notice of Acceptance for the declarations under Sections 8 and 15.

21.     Based on the January 7, 2015 Notice of Acceptance, Trademark Registration No. 3,720,791 for "Stationery Studio" has achieved incontestability status.

**Defendant's Use of Plaintiffs' Trademark**

22.     Defendant first registered its business with a secretary of state in 2004, ten years after The Stationery Studio first launched its business.

23.     Defendant's website, when it was first launched, was branded "Fergie's Stationery Studio."

24.     Nevertheless, Defendant sought out and registered the domain name www.stationery-studio.com.

4

25. Defendant, via its website, promotes the sale of personalized products including stationery, wedding announcements, wedding invitations, bridal shower invitations, birth announcements, birthday invitations, envelopes, postcards, and programs.

26. On information and belief, Defendant uses its website www.stationery-studio.com to facilitate its business which directly competes with The Stationery Studio for the sale of personalized products.

27. Defendant also registered and uses the Twitter handle @stationrystudio to promote its business activities.

Consumer Confusion Created by Defendant's Use of "Stationery Studio"

28. Consumers are being confused by Defendant's use of the www.stationery-studio.com domain name and its @stationrystudio twitter handle. For example, in certain geographic locations, a Google search for Stationery Studio yields Defendant's website above Plaintiffs' website.

29. In addition, on information and belief, actual customer confusion exists with respect to www.stationerystudio.com and www.stationery-studio.com.

30. On information and belief, Defendant's business has benefited from the goodwill and notoriety associated with Plaintiffs' marks.

**JURISDICTION AND VENUE**

31. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, as it involves substantial claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

32. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein have occurred, and continue to occur, in this judicial District. Venue properly lies within

the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) as these causes of action, based upon information and belief, arise as a result of Defendant's doing and transacting business within this District, by unlawfully promoting its products and services within this District, by unlawfully marketing its products and services to prospective purchasers within this district, and/or by infringing Plaintiffs' trademarks which originated within this District.

33. This Court has personal jurisdiction over Defendant. On information and belief, Defendant purposefully availed itself of the benefits and protections of this District by soliciting and/or conducting business with residents of this District, and/or by operating its website which targeted residents of this District. On information and belief, this Court also has personal jurisdiction over Defendant because it violated Plaintiffs' trademarks, thus harming Plaintiffs who are residents of this District.

## **COUNT I – TRADEMARK INFRINGEMENT**

34. Plaintiffs repeat and reallege paragraphs 1 through 33 above as though fully set forth and incorporated herein.

35. Plaintiffs' federally registered trademarks are inherently distinctive, incontestable, and continue to acquire substantial distinctiveness and goodwill in the marketplace through The Stationery Studio's use of those marks in commerce. As a result of The Stationery Studio's widespread and continuous use, its marks have become associated in the minds of the relevant purchasing public with www.thestationerystudio.com.

36. Defendant has used www.stationery-studio.com and @stationrystudio to promote its online website which provides stationery, wedding announcements, wedding invitations, bridal shower invitations, birth announcements, birthday invitations, envelopes, postcards, and programs. Plaintiffs' and Defendant's respective websites and services are closely related,

6

inasmuch as both parties' services are marketed and provided to provide on-line retail store services featuring personalized products, including Defendant's services itemized above.

37. Defendant's use of the www.stationery-studio.com domain name and the @stationrystudio Twitter handle has caused, and is likely to continue to cause, confusion in the minds of the consuming public, leading the public to believe that Defendant's website and Twitter account emanate or originate from The Stationery Studio, and/or that Plaintiffs have approved, sponsored or otherwise associated themselves with Defendant, which is false.

38. Upon information and belief, Defendant's use of Plaintiffs' marks has exploited, and is intended to exploit, the goodwill and reputation associated with those marks, and thus constitutes willful infringement.

39. Defendant's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to Plaintiffs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendant as follows and that this Court:

A. Permanently enjoin and restrain Defendant from using Plaintiffs' trademarks including via Defendant's www.stationery-studio.com domain and Defendant's @stationrystudio Twitter handle;

B. Award Plaintiffs any and all damages allowed under 15 U.S.C. § 1117 for Defendant's infringement of Plaintiffs' trademarks;

C. Find this case exceptional and award Plaintiffs their costs and expenses incurred in this proceeding, including, but not limited to, reasonable attorneys' fees; and

D. Award to Plaintiffs any other and further relief as this Court deems appropriate.

        Respectfully submitted,

      By: <u>/s/ Benjamin J. Bradford</u>
        Benjamin J. Bradford
        Jenner & Block LLP
        353 N. Clark Street
        Chicago, IL 60654-3456
        Telephone: 312 840-7224
        bbradford@jenner.com